UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARIDAD GUTIERREZ, et al.,

    Plaintiffs,

v.                                        CASE NO: 8:10-cv-1399-T-23AEP

COOPERATIVA DE SEGUROS
MULTIPLES DE PUERTO RICO, INC.,

    Defendant.
_____/

## **ORDER**

    Before addressing the merits of any case, a district court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006). Accordingly, a district court may raise sua sponte the question of subject-matter jurisdiction "at any stage in the litigation." Arbaugh, 546 U.S. at 506. The defendant removes this action (Doc. 1) and asserts diversity of citizenship pursuant to 28 U.S.C. § 1332. The notice of removal fails to establish a clear basis for federal jurisdiction.

    As the removing party, the defendant must demonstrate initially that the amount in controversy satisfies the jurisdictional minimum. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). The complaint (Doc. 2), which seeks to recover under an insurance contract for alleged damage to the plaintiffs' home from sinkhole activity, merely asserts damages in excess of $15,000.00. The complaint

alleges that the plaintiffs "discovered damage to their property, including, but not limited to, physical damage to the exterior walls and cracks to the interior ceiling and flooring." Instead of attempting to demonstrate the amount in controversy, the notice of removal asserts that the plaintiffs "seek repair of real property and loss of use, presumably up to the policy limit of $144,783.00" (Doc. 1, ¶ 3) (emphasis added). However, the only pertinent presumption is against—not in favor of—federal jurisdiction. See Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001) ("[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."). Furthermore, the policy limit "does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit." Employers Mut. Cas. Co. v. Parking Towing Co., Inc., No. 07-0684-WS-B, 2007 WL 4577705, at * 2 (S.D. Ala. Dec. 27, 2007). Having overlooked utterly to satisfy facially the jurisdictional threshold, the defendant fails to meet its burden. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1214-15 (11th Cir. 2007) ("If [the defendant's] evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.").

Accordingly, this case is **REMANDED** to the Circuit Court for Hillsborough County, Florida. The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on June 22, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE